```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE
```

**Francisco Soto**

    **v.**                                                         Civil No. 14-cv-293-PB

**Warden, Federal Correctional**
**Institution, Berlin, New Hampshire**


### REPORT AND RECOMMENDATION

    Francisco Soto, an inmate at the Federal Correctional Institution, Berlin, New Hampshire, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his 1995 conviction and resulting sentence in the District of Connecticut.  See United States v. Millet, No. 3:94-cr-00112-EBB-12 (D. Conn.) (Soto's criminal case).  The matter is before this Court for preliminary review, to determine whether the § 2241 petition is facially valid and may proceed. See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to habeas corpus petitions not filed pursuant to 28 U.S.C. § 2254); LR 4.3(d)(4)(A).

**STANDARD**

In undertaking the preliminary review of a habeas petition, this Court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action.  See [McFarland v. Scott, 512 U.S. 849, 856 (1994)](#) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." (citing § 2254 Rule 4)).  When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally.  See [Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)](#).

**BACKGROUND**

In 1995, a jury in the District of Connecticut convicted Soto and a group of co-defendants of multiple federal offenses including drug trafficking, murder and/or conspiracy to commit murder, and racketeering, relating to their involvement in a criminal enterprise known as the "Latin Kings" in Connecticut.  The trial judge sentenced Soto to multiple terms of imprisonment, to run concurrently, the longest of which were concurrent thirty-five year sentences for Counts 1 and 2, which charged Racketeer Influenced Corrupt Organizations Act ("RICO")

violations.  See Millet, No. 3:94-cr-00112-EBB-12 (D. Conn. Jan. 3, 1996) (judgment in Soto's criminal case), ECF 1023.  The Second Circuit affirmed Soto's conviction and sentence.  See United States v. Diaz, 176 F.3d 52, 73 (2d Cir. 1999).

On the same date that the sentencing court dismissed Soto's first motion to vacate his sentence under 28 U.S.C. § 2255, on January 3, 2002, that court granted Soto leave to file an amended § 2255 motion.  See Petition (doc. no. 1), at 24 (recounting procedural history).  That court thereafter denied the amended motion on June 22, 2004, and Soto did not obtain a certificate of appealability.  See generally Doc. No. 1, at 10-16 (Decision and Order, Soto v. Hudson, No. 9:13-cv-00187-LEK-ATB (N.D.N.Y. Mar. 4, 2013), ECF 2) (hereinafter "Northern District of New York § 2241 Order") (discussing procedural history).

In 2013, while serving his federal sentence in New York, Soto filed a petition for federal habeas relief under § 2241 in the Northern District of New York.  The court in that case concluded that it lacked subject matter jurisdiction over the petition, and transferred Soto's case to the Second Circuit to determine whether Soto could satisfy the requirements for filing a successive § 2255 motion.  See id.  The Second Circuit denied the application for a successive § 2255 motion.  See Soto v.

Hudson, No. 13-792 (2d Cir. Apr. 16, 2013).

On July 1, 2014, Soto filed the instant § 2241 Petition (doc. no. 1). Asserting that this Court has § 2241 jurisdiction pursuant to 28 U.S.C. § 2255(e), Soto challenges the validity of his 1995 conviction and resulting thirty-five year imprisonment.

## DISCUSSION

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over motions challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255. "Section 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" McAdory v. Warden Lewisburg USP, 545 F. App'x 88, 90 (3d Cir. 2013) (quoting 28 U.S.C. § 2255(e)); see also White v. Craig, 218 F. App'x 10, 11 (2d Cir. 2007); Cantrell v. Reno, 36 F. App'x 651, 652 (1st Cir. 2002). The relevant statutory provision, 28 U.S.C. § 2255(e), which is known as the § 2255(e) "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

4

Id. (emphasis added).  The question of the adequacy and effectiveness of a § 2255 motion in a particular case is jurisdictional, while the proper district for filing a habeas petition depends upon whether the petition is filed under § 2241 or § 2255.  See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

In general, the statutory restrictions on the filing of second or successive § 2255 motions, established by Congress in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), do not render § 2255 procedures inadequate or ineffective as a means to challenge the legality of the inmate's detention.  See Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008) ("mere inability to satisfy [AEDPA's gatekeeping] requirements does not afford access to the savings clause").  The savings clause does not provide a petitioner with a forum to relitigate an erroneous decision in a first § 2255 proceeding.  See Bryant, 738 F.3d at 1272; Prost v. Anderson, 636 F.3d 578, 590 (10th Cir. 2011) ("the possibility of an erroneous result – the denial of relief that should have been granted – does not render the procedural mechanism Congress provided for bringing that claim . . . an inadequate or ineffective remedial vehicle for testing its merits" (emphasis in original)).  If nothing prevented the

5

petitioner from raising his § 2241 claims in a first § 2255 motion, then he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge the legality of his detention.  See generally Bryant, 738 F.3d at 1272; see also United States v. Barrett, 178 F.3d 34, 53 (1st Cir. 1999).

Most of the claims and issues asserted in the instant Petition (doc. no. 1) were included in the 2013 Northern District of New York petition.  That court determined, as to those claims and issues, that Soto had failed to show that the savings clause applied.  See Northern District of New York § 2241 Order.  Furthermore, the Second Circuit, in denying the application for a successive § 2255 motion in Soto's case, specifically found that Soto had not stated a valid, free-standing innocence claim in the Northern District of New York petition.  See Soto v. Hudson, No. 13-792 (2d Cir. Apr. 16, 2013), slip op. at 2.  Soto is therefore collaterally estopped from contending here that this Court may exercise jurisdiction under § 2241, with respect to the same claims and issues that he previously asserted in the Northern District of New York petition, which were rejected by that court as grounds for finding the savings clause applicable.  See Fairly v. United States, 373 F. App'x 700, 701 (9th Cir. 2010) (petitioner

collaterally estopped from relitigating whether district court had jurisdiction over successive § 2241 petition where applicability of savings clause had been litigated and rejected by court in prior § 2241 proceeding).

One claim asserted in the Petition here was not expressly included in Soto's Northern District of New York petition, namely, an as-applied claim of void for vagueness, challenging 18 U.S.C. § 1963(a), the statutory penalty provision for the RICO offenses.  That statute provides:

> Whoever violates any provision of [18 U.S.C. § 1962] shall be . . . imprisoned not more than 20 years (or for life if the violation is based on a racketeering activity for which the maximum penalty includes life imprisonment) . . . .

18 U.S.C. § 1963(a).  Life imprisonment is the maximum sentence for a RICO violation if a predicate racketeering activity includes life imprisonment as a penalty; otherwise, the maximum sentence authorized by § 1963(a) is twenty years.  Id.  Soto asserts that as applied in his case, § 1963(a) was unconstitutionally vague as to whether his maximum sentence would be life imprisonment or twenty years.

That issue, like the remaining issues in the Petition, was previously available to Soto, and could have been raised in Soto's direct appeal and/or his first § 2255 motion.  Cf. Soto, No. 13-792, slip op. at 2 (issues in Soto's Northern District of

7

New York petition could have been raised previously in direct appeal or § 2255 motion). Soto asserted a claim challenging the RICO and drug conspiracy sentences in his prior § 2255 motion. See Doc. No. 1, at 4 (listing claims asserted in § 2255 motion). Soto has not shown that any claim in the § 2241 Petition here could not have been similarly asserted in the prior § 2255 proceedings, or that a § 2255 motion is otherwise inadequate or ineffective to challenge the legality of his conviction and sentence. Where a petitioner like Soto missed an opportunity to present a claim in a prior § 2255 motion, any "'ineffectiveness'" of the § 2255 process "is due to him and not to § 2255." Barrett, 178 F.3d at 53 (citations omitted). Accordingly, Soto has not shown that this Court has jurisdiction over his § 2241 petition through 28 U.S.C. § 2255(e).

## CONCLUSION

For the foregoing reasons, the District Judge should dismiss Soto's § 2241 petition without prejudice, for lack of jurisdiction. Approving this Report and Recommendation will not restrict Soto's ability to apply in the Second Circuit for permission to file a successive § 2255 motion, pursuant to 28 U.S.C. §§ 2244(a) and 2255(h).

Any objections to this Report and Recommendation must be

filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                              Andrea K. Johnstone
                              United States Magistrate Judge

August 14, 2014

cc:   Francisco Soto, pro se
      Seth R. Aframe, Esq.